JONES, Chief District Judge,
concurring:
While I share some disquiet regarding Whorley’s convictions for sending and receiving the e-mails in question, I must note that there is no contention in this case that the e-mails were not obscene under the traditional test established by the Supreme Court. See Miller v. California, 413 U.S. 15, 24-25, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Rather, the argument made is that “[plrivate e-mails between consenting adults should at least be accorded the substantive due process privacy protections that obscene materials viewed privately and sexual acts between consenting adults are provided.” (Appellant’s Reply Br. 26.) I agree with Judge Niemeyer that there is no support in the law for this proposition or the related argument that since the obscenity in the e-mails consisted of “mere words” (Id.), they cannot be the subject of prosecution.